UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. DONALD CLOYCE WAGDA,<br><br>        Plaintiffs,<br><br>  v.<br><br>AT&T CORP., a corporation, et al.<br><br>        Defendants. | No.  2:19-cv-01057-JAM-AC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

    I.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Donald Wagda ("Relator") brought this action on behalf of the United States against AT&T Inc. and its subsidiaries ("Defendants"), after review of California's Unclaimed Property Database indicated Defendants escheated federal property to the State under California's Unclaimed Property Law ("UPL"). Compl. ¶¶ 11, 25-28, ECF No. 1. Relator alleges Defendants held 182 items of federal property with a total value of over $133,429.00, which they then escheated to the State. Id. ¶¶ 26, 27. Relator contends this was improper, and that rather than escheating the property to the State, Defendants should have

1

returned the property to the United States. Id. ¶ 26.

Relator brings two claims under the False Claims Act ("FCA"): (1) failure to return federal property in violation of 31 U.S.C. § 3729(a)(1)(D) and (2) conspiracy to violate the act in violation of 31 U.S.C. § 3729(a)(1)(C). See generally id. Accordingly, Relator filed this action on behalf of the United States as "[t]he FCA allows private individuals, referred to as 'relators,' to bring suit on the Government's behalf against entities that have violated the Act's prohibitions." U.S. ex rel. Mateski v. Raytheon Co., 816 F.3d 565, 569 (9th Cir. 2016) (citing 31 U.S.C. § 3730(b)(1)). "Such suits are commonly called *qui tam* suits." Id. In a *qui tam* suit, the relator asserts the FCA claim "on behalf of the government, which may choose to intervene in the action" and "[i]f the relator is successful, [they are] entitled to a share of the recovery, whether or not the government intervenes." Seal 1 v. Seal A, 255 F.3d 1154, 1158 (9th Cir. 2001) (citing 31 U.S.C. §§ 3730(d)(1),(2)).

The United States declined to intervene. United States' Notice of Election to Decline Intervention, ECF No. 19. Shortly thereafter, the complaint was unsealed and served on Defendants. Order, ECF No. 20. Defendants then filed this motion to dismiss under 12(b)(6) and 12(b)(7). Mot. to Dismiss ("Mot."), ECF No. 36.[1] Relator opposed the motion. Opp'n, ECF No. 45. Defendants replied. Reply, ECF No. 51. Additionally, the United States

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for May 3, 2022.

1  filed a statement of interest.  United States' Statement of
2  Interest, ECF No. 41.  For the reasons set forth below, the Court
3  grants Defendants' 12(b)(7) motion to dismiss.
4
5                           II.   OPINION
6     A party may move under Federal Rule of Civil Procedure
7  12(b)(7) to dismiss a claim for "failure to join a party under
8  Rule 19."  Rule 19(a) provides that:

>     A person who is subject to service of process and
>     whose joinder will not deprive the court of
>     jurisdiction over the subject matter of the action
>     must be joined as a party if (A) in that person's
>     absence, the court cannot accord complete relief among
>     existing parties; or (B) that person claims an
>     interest relating to the subject of the action and is
>     so situated that the disposition of the action in the
>     person's absence may: (i) as a practical matter impair
>     or impede the person's ability to protect that
>     interest; or (ii) leave an existing party subject to a
>     substantial risk of incurring double, multiple, or
>     otherwise inconsistent obligations because of the
>     interest.

17     If it is not feasible for the court to join a person
18 meeting the requirements of Rule 19(a), then under 19(b) the
19 court "shall determine whether in equity and good conscience the
20 action should proceed among the parties before it, or should be
21 dismissed."  Fed. R. Civ. P. 19(b).  The factors to be
22 considered by the court in determining whether a party is
23 indispensable include: (1) "to what extent a judgment rendered
24 in the person's absence might be prejudicial to the person or
25 those already parties"; (2) "the extent to which any prejudice
26 could be lessened or avoided"; (3) "whether a judgment rendered
27 in the person's absence would be adequate"; and (4) "whether the
28 plaintiff would have an adequate remedy if the action were

dismissed for nonjoinder." Id.  Rule 19 thus "provides a three-step process for determining whether the court should dismiss an action for failure to join a purportedly indispensable party." United States v. Bowen, 172 F.3d 682, 688 (9th Cir. 1999).

The Court first "determine[s] whether a nonparty should be joined under Rule 19(a)." E.E.O.C. v. Peabody W. Coal Co., 400 F.3d 774, 779 (9th Cir. 2005).  Defendants contend that California "is a necessary party by virtue of the fact that it is holding the federal assets in question for the benefit of the federal government and as such is effectively the trustee over the 182 assets enumerated in Exhibit A."  Mot. at 20.  Relator disputes that California has an interest in the property arguing it "is not a lawful trustee with respect to the federal property at issue (due to intergovernmental immunity and the UPL being pre-empted [by] the FCA)."  Opp'n at 14.  But the Ninth Circuit has rejected such circular arguments in determining whether a party is necessary.  Am. Greyhound Racing, Inc. v. Hull, 305 F.3d 1015, 1024 (9th Cir. 2002).  "It is the party's *claim* of protectible interest that makes its presence necessary."  Id.  As the transferee of the assets at issue, California has an interest in this case.  See Nastro v. D'Onofrio, 263 F.Supp.2d 446, 450 (D. Conn. 2003).  Relator in this action, asks the Court to find it was improper for Defendants to escheat this property to the State under the UPL rather than return it to the federal government, Compl. ¶ 26, which would necessarily impact the State's interest in the property.  See Nastro, 263 F.Supp.2d at 450.  Accordingly, the Court finds the State of California is a necessary party under Rule 19(a).  Id.

4

1       "If an absentee is a necessary party under Rule 19(a), the
2  second stage is for the court to determine whether it is
3  feasible to order that the absentee be joined." Peabody W. Coal
4  Co., 400 F.3d at 779.  Relator concedes it is not feasible to
5  join the State because of sovereign immunity.  See Opp'n at 14-
6  15; see also Dawavendewa v. Salt River Project Agric.
7  Improvement and Power Dist., 276 F.3d 1150, 1159 (9th Cir. 2002)
8  (not feasible to join party entitled sovereign immunity); Bly-
9  Magee v. California, 236 F.3d 1014, 1017 (9th Cir. 2001) (states
10 and state agencies enjoy sovereign immunity from liability under
11 the FCA).
12      Thus, the Court must decide whether in "equity and good
13 conscience" the action can continue without the State.  Fed. R.
14 Civ. P. 19(b).  It finds it cannot.  The analysis generally
15 requires consideration of four factors: (1) prejudice to the
16 absent or existing parties; (2) possibility to lessen or avoid
17 said prejudice; (3) adequacy of the remedy in the party's
18 absence; and (4) the existence of an adequate remedy in the
19 event of a dismissal.  Id.  "However, where the absent party
20 cannot be joined in light of sovereign immunity, there may be
21 very little need for balancing because immunity itself may be
22 viewed as the compelling factor."  Delano Farms Co. v. Cal.
23 Table Grape Comm'n, 623 F.Supp.2d 1144, 1168 (E.D. Cal. 2009),
24 aff'd, 655 F.3d 1337 (Fed. Cir. 2011) (quoting Kescoli v.
25 Babbit, 101 F.3d 1304, 1311 (9th Cir. 1996)).
26      Here, since California is a necessary party with an
27 interest in the land, it would be prejudiced by a judgment
28 rendered in its absence.  See Williams v. Arizona, No. CV-17-

03390-PHX-DJH, 2018 WL 6605845, at *5 (D. Ariz. Dec. 17, 2018), aff'd, No. 19-15330, 2019 WL 8064707 (9th Cir. Oct. 21, 2019). And while Relator does not request specific relief against the State, a finding in his favor would require a determination that escheating certain property under California's UPL statute violates the FCA. See Opp'n at 3-8. Thus, there is no way to avoid prejudice to the State. Finally, while Relator may not have an alternative remedy, the United States, the real party in interest, does, as it may request any of its property under the UPL. See Harris v. Westly, 116 Cal.App.4th 214, 346 (2004) ("The UPL is not a permanent or 'true' escheat statute. Instead, it gives the state custody and use of unclaimed property until such time as the owner claims it.") Accordingly, the Court finds the case cannot proceed without the State and therefore GRANTS Defendants' 12(b)(7) motion to dismiss for failure to join an indispensable party, with prejudice. Because the Court finds dismissal is warranted under 12(b)(7) it need not reach the parties' additional 12(b)(6) arguments.

### III. ORDER

For the reasons set forth above, the Court GRANTS Defendants' motion to dismiss with prejudice.

IT IS SO ORDERED.

Dated: June 30, 2022

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE