UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, ex rel. DONALD CLOYCE WAGDA, | No. 2:19-cv-01057-JAM-AC |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES** |
| v. | |
| AT&T CORP., a corporation, et al. | |
| Defendants. | |

Donald Cloyce Wagda ("Realtor") filed this *qui tam* case against AT&T Inc. and its subsidiaries (collectively referred to as "Defendants") under § 3729(a)(1)(C) and (D) of the False Claims Act ("FCA"). See Compl., ECF No. 1. On July 1, 2022, the Court dismissed Realtor's claims with prejudice under Federal Rule of Civil Procedure 12(b)(7) for failing to join an indispensable party and Realtor appealed. See Order at 6, ECF No. 56; Notice of Appeal, ECF No. 62.

This matter is now before the Court on Defendants' motion for attorney's fees. See Def.'s Mot. for Attorney's Fees ("Mot."), ECF No. 61. Plaintiff opposes the motion. See Opp'n, ECF No. 70. Defendants replied. See Reply, ECF No. 71. For the reasons set

1

forth below, Defendants' motion is denied[1]

## I.   OPINION

### A.   Jurisdiction

"The effective filing of a notice of appeal transfers jurisdiction from the district court to the court of appeals with respect to all matters involved in the appeal." Masalosalo by Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 956 (9th Cir. 1983). "The district court retain[s] the power to award attorneys' fees after the notice of appeal from the decision on the merits has been filed." Id. at 957.  Thus, this Court can decide the motion for fees despite Relator's pending appeal.

### B.   Attorneys' Feed Under the FCA

Under the "American Rule," each party in a lawsuit "ordinarily bears its own attorney's fees unless there is express statutory authorization to the contrary." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983).  The FCA provides that "[i]f the Government does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." 31 U.S.C. § 3730(d)(4).  Here, the Government declined to intervene.  As a result, the Court must determine whether Plaintiff's action was "clearly frivolous, clearly

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for October 18, 2022.

vexatious, or brought primarily for purposes of harassment" to entitle Defendants to the requested attorneys' fees as § 3730(d)(4) prescribes.

Defendants argue this Court should grant attorneys' fees because Realtor's claims were frivolous. See Mot. at 2-3, 6-8. Courts have found an FCA "claim is frivolous when, viewed objectively, it may be said to have no reasonable chance of success, and present no valid argument to modify present law." Mikes v. Straus, 274 F.3d 687, 705 (2d Cir. 2001) (abrogated on other grounds by Universal Health Services, Inc. v. U.S., 136 S. Ct. 1989 (2016)). Accordingly, "[t]he award of fees under the [FCA] is reserved for rare and special circumstances," Pfingston v. Ronan Eng'g Co., 284 F.3d 999, 1006-07 (9th Cir. 2002), and subject to "exacting standards" that are difficult to fulfill. See U.S. ex re. Madden v. General Dynamics Corp., 4 F.3d 827, 831 (9th Cir. 1993)  Nonetheless, there are few decisions awarding attorneys' fees under the FCA.  In turn, this Court follows the Ninth Circuit's reasoning that 42 U.S.C. § 1988 "cases are instructive in deciding whether fees are appropriate under the [FCA]" because the award of attorneys' fees under the FCA "tracks the formulation as to when fees are appropriate under **[]** § 1988 . . . ."

When analyzing a § 1988 attorneys' fees claim, this jurisdiction applies the Christianburg standard that only awards attorneys' fees when "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). "In determining whether this standard has

3

been met, a district court must assess the claim at the time the complaint was filed, and must avoid post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Tutor-Saliba Corp. v. City of Hailey, 452 F.3d 1055, 1060 (9th Cir. 2006) (internal citations omitted). As a result, under Christianburg, attorneys' fees are not awarded routinely or simply because a defendant succeeds. Christianburg, 434 U.S. at 421.

After review, the Court finds that Defendants failed to satisfy the strict governing standard for fee awards to prevailing defendants in a FCA case. Although Realtor's claims were unsuccessful, they were not "frivolous, unreasonable, or without foundation" when filed. Id. Defendants did not prove exceptional circumstances exist warranting a fee award.[2] Accordingly, the Court declines to exercise its discretion to award attorney's fees under the § 3730(d)(4) of the FCA .

## II. ORDER

For the reasons set forth above, the Court DENIES Defendants' Motion for Attorneys' Fees.

IT IS SO ORDERED.

Dated: December 5, 2022

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Even if attorney's fees were recoverable, the Court notes that Defendants' request for $100,247.61 for a motion to dismiss is grossly excessive and any award would have been significantly reduced.